SUMMARY ORDER

Douglas Dobson appeals from an order of the United States District Court for the District of Connecticut (Arterton, J.), denying his motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
*708 Dobson was receiving long term disability benefits under a Plan administered by defendant Hartford Life and Accident Insurance Company (“Hartford”), and subject to the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. §§ 1001 et seq. After paying Dobson benefits for years, Hartford suspended payments in April 1997 “due to lack of proof of continuous disability.” See Dobson v. Hartford Fin. Servs., 196 F.Supp.2d 152, 154 (D.Conn.2002). There followed a year of delay, in which Dobson submitted proofs of his continuing disability. Hartford eventually reinstated his benefits, and made back payments in a lump-sum, but without interest. Id. at 156.
Dobson brought this suit, on behalf of himself and others similarly situated, seeking interest on delayed benefit payments made by Hartford. He alleged two alternative theories: (A) that interest was a benefit implicitly provided by his Plan, and was therefore recoverable in a civil action brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which provides that “[a] civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan”; and (B) that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) provides a right to equitable disgorgement of profits Hartford earned by wrongfully delaying his benefit payments.
The district court initially granted Hartford’s motion for summary judgment on Dobson’s § 502(a)(1)(B) claim (and denied class certification on the claim as moot). But the court denied Hartford’s motion for summary judgment on Dobson’s § 502(a)(3) claim, holding that if Hartford’s withholding of Dobson’s benefits was unreasonable, and constitutes a breach of fiduciary duty, Hartford would have to disgorge any profits it had earned on investment of the withheld benefits. The court also denied class certification on the § 502(a)(3) claim because plaintiffs proposed class definition “necessarily recognize[d] that whether Hartford was justified in exceeding the time limits in any particular case will require individualized assessment of the information available to Hartford within the regulation time period, the complexity of the claim of disability, and other claims handling factors.” Dobson, 196 F.Supp.2d at 165. (Following the court’s ruling, Hartford stipulated to judgment in the amount of $3,779.22 in favor of Dobson on his § 502(a)(3) claim.) Dobson appealed.
This Court vacated the dismissal of Dobson’s § 502(a)(1)(B) claim on the ground that interest on unreasonably delayed benefit payments may be an implicit term in Dobson’s Plan. Dobson v. Hartford Fin. Servs. Group, Inc., 389 F.3d 386, 394 (2d Cir.2004). We also vacated the denial of class certification on both claims, and remanded for consideration of the Plan’s explicit requirement that, absent “special circumstances,” benefit determinations be made within certain time periods (equivalent to those set forth in the Department of Labor regulations). Id. at 402.
After our vacatur, Dobson and Hartford entered into a partial settlement agreement pursuant to which Hartford established prospective policies and procedures for the payment of interest on unreasonably delayed benefit eligibility determinations and payments.
On remand, Dobson sought class certification on both claims using a reconfigured class definition that focused on the presumption of entitlement to interest when disability benefits are paid out beyond the relevant time periods. See Dobson v. Hartford Life & Accident Ins. Co., No. 99 cv 2256(JBA), 2006 WL 861021, at * 1 (D.Conn. Mar. 31, 2006). According to the parties, there are potentially 24,000 class *709 members, who may, by Dobson’s estimates, be entitled to an average payment of around $77. Dobson acknowledges that delay beyond such time would not, by itself, entitle a class member to interest-Hartford would be liable only if its delay was “unreasonable” in a particular case. See Dobson, 389 F.3d at 394. Dobson therefore proposes relief in the form of a declaratory judgment that class members are entitled to a presumption of entitlement to interest if their benefit payments were delayed beyond the time periods, thereby shifting the burden to Hartford to come forward with evidence of reasonableness in those individual cases where it maintains that its delay was reasonable. Dobson suggests that Hartford’s objections in particular cases could be heard by an independent fiduciary or special master.
The district court denied Dobson’s motion for class certification, finding that the proposed class failed to meet the commonality and typicality requirements of Rule 23(a); and that suit could not be maintained under either Rule 23(b)(1)(B) or Rule 23(b)(2). The court also rejected Dobson’s suggestion to transfer disputed individual cases to a special master. Dobson, 2006 WL 861021, at *4 (“[P]laintiffs suggestion that after determining the legal questions of interpretation of the Plans and Department of Labor regulations, case by case determinations on liability could be ceded to a special master or independent fiduciary appointed by the Court for the purpose, belies plaintiffs attempted transformation of demonstrably individualized claims into class-wide requests for declaratory relief.”).
The district court later granted Dob-son’s motion for summary judgment on his individual § 502(a)(1)(B) claim, but denied his motion for declaratory relief on the ground that it essentially reargued his motion for class certification. Dobson v. Hartford Life & Accident Ins. Co., 518 F.Supp.2d 365 (D.Conn.2007).
Dobson now appeals the denial of his motion for class certification. We review rulings on class certification for abuse of discretion. See Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 162 (2d Cir.2001)(“District courts are afforded substantial leeway in deciding issues of class certification.”). The abuse-of-discretion standard applies to the overall determination, as well the “individual requirements of Rule 23.” In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 32 (2d Cir.2006).
On this record, it was no abuse of discretion for the district court to deny class certification. The claims of each of the 24,000 putative class members will invariably turn on whether Hartford’s delay was “reasonable” in each set of particular circumstances. As we previously noted in this case, “[t]he duration of a ‘reasonable time’ to review a claim might vary with such factors as the complexity of the facts, the need for follow-up to verify the proofs, and the difficulty of the determination.” Dobson, 389 F.3d at 393. In the context of disability benefits, the “complexity of the facts” may be as particularized as each individual’s medical history. Such an inquiry is ill-suited for disposition via a class action because there is insufficient commonality. See Fed.R.Civ.P. 23(a). A district court, or special master, could be forced to conduct as many as 24,000 mini-trials, no matter which party bears the burden of proof. See also Fotta v. Trs. of United Mine Workers of Am., 319 F.3d 612, 618-19 (3d Cir.2003) (affirming the denial of class certification in the same context, and noting that “[b]ecause both liability and the appropriate remedy must be determined for each plaintiff, no common issues of law or fact exist.”).
*710 Finding no merit in Dobson’s remaining arguments, we hereby AFFIRM the judgment of the district court.